AMERICAN STANDARD COMPANIES INC. and American Standard Inc., Doing Business as American Standard, Petitioners

v.

NATIONAL LABOR RELATIONS BOARD, Respondent

Glass, Molders, Pottery, Plastics and Allied Workers International, AFL–CIO, CLC, Local Union No. 7A, Intervenor.

Nos. 10–1390, 10–1391.

United States Court of Appeals, District of Columbia Circuit.

Feb. 17, 2012.

Rehearing En Banc Denied March 30, 2012.

George Ross Bridgman, Daniel J. Clark, Vorys, Sater, Seymour & Pease, Columbus, OH, David Arthur Campbell, III, Vorys, Sater, Seymour & Pease, LLP, Cleveland, OH, Gregory Lynn Murphy, Vorys, Sater, Seymour & Pease, Washington, DC, for Petitioners.

Heather Stacy Beard, Esquire, Linda Dreeben, Deputy Associate General Counsel, John H. Ferguson, Associate General Counsel, Jill A. Griffin, National Labor Relations Board, Washington, DC, for Respondent.

Ross Paul Andrews, Satter & Andrews, LLP, Syracuse, NY, for Intervenor.

Before: ROGERS and KAVANAUGH, Circuit Judges, and GINSBURG, Senior Circuit Judge.

### JUDGMENT

This petition for review and cross-application for enforcement were considered on the record, briefs, and oral arguments of the parties. The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R.App. P. 36; D.C.Cir. Rule 36(d). For the reasons that follow, it is

**ORDERED** and **ADJUDGED** that the petition for review be denied and the cross-application for enforcement be granted.

■American Standard challenges three findings of the National Labor Relations Board relating to the Board's conclusion that American Standard violated Section 8(a)(1) and (5) of the National Labor Relations Act: (1) that no agreement existed when American Standard stopped nego-

tiating with the Union and implemented its offer; (2) that no bargaining impasse existed when American Standard stopped negotiating and implemented its offer; and (3) that eliminating a wage premium constituted an unfair labor practice. *See* 29 U.S.C. § 158(a)(1), (a)(5). American Standard does not contest the other unfair labor practices found by the Board.[1]

■ First, the Board concluded that American Standard and the Union never reached an agreement. We find that conclusion to be overwhelmingly supported by the record. *See* 29 U.S.C. § 160(e) (factual findings of Board conclusive if supported by substantial evidence on the record as a whole). No formal document memorialized the alleged agreement. The Union called a brief strike over the noneconomic issues minutes before it supposedly capitulated on those issues. Negotiations continued after the alleged agreement. And American Standard's corporate vice president stated that no agreement had been reached. American Standard also complains about the ALJ's failure to allow evidence from the mediator that allegedly would have shown an agreement had been reached. But the Board's determination that any such evidence would not have affected its resolution is well-supported by the record. *See AMERICAN STANDARD COS.,* 356 N.L.R.B. No. 4, 2010 WL 4318369, at *1 (Oct. 22, 2010).

■ Second, the Board concluded that American Standard and the Union did not reach a bargaining impasse. Again, we find that conclusion to be overwhelmingly supported by the record. The parties were heading toward an agreement when

---

1. By not contesting those unfair labor practices in its opening brief, American Standard forfeited any objection to them. *See Sitka Sound Seafoods, Inc. v. NLRB,* 206 F.3d 1175,

1181 (D.C.Cir.2000). We therefore grant the Board's cross-application for summary enforcement of the portions of its order relating to those findings.

American Standard suddenly broke off negotiations and declared that an agreement already existed. Both parties had been making concessions hours earlier. And the Union wanted to keep negotiating. Under these circumstances, we cannot disturb the Board's conclusion that there was no impasse.

Third, the Board found that American Standard committed an unfair labor practice by eliminating a wage premium for "demand-flow manufacturing" without bargaining. American Standard claims that the Board based the duty to bargain on a defunct settlement and that the Board's finding is therefore moot (because the settlement was set aside) or waived (because the Union did not follow the settlement's grievance procedure). But American Standard misreads the Board's decision. The Board based the duty on the statute, not the defunct settlement. The Board found that American Standard violated its statutory obligation by failing to bargain over a change in wages (or at least a change that affected wages). *See AMERICAN STANDARD COS.*, 352 N.L.R.B. 644, 658 (2008) (citing *PAN AMERICAN GRAIN CO.*, 343 N.L.R.B. 318, 318 (2004)); *see also* 29 U.S.C. § 158(a)(1), (a)(5), (d). Because the duty did not come from the settlement, American Standard's mootness and waiver objections fail.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.